

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2008

# USA v. Belcher

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1341

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Belcher" (2008). *2008 Decisions.* Paper 1639.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1639

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1341
_____

UNITED STATES OF AMERICA

v.

JAMES C. BELCHER,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00154)
District Judge:  William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2008

Before:  FISHER, HARDIMAN and STAPLETON, *Circuit Judges*.

(Filed: February 6, 2008)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

This appeal arises out of James Belcher's guilty plea to possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and the District Court's

subsequent sentence of 78 months imprisonment.  After filing a timely notice of appeal,

Belcher's counsel filed a brief and motion to withdraw representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant counsel's *Anders* motion and affirm the District Court's judgment of sentence.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On June 21, 2006, Belcher pleaded guilty to one count of possession of child pornography. The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which the District Court adopted without any changes. Utilizing the applicable United States Sentencing Guidelines ("Guidelines"), it determined that the Total Offense Level was 27. The base offense level for a violation of 18 U.S.C. § 2252A(a)(5)(B) is 18, and the specific offense characteristics, including the age of the children involved in the films, the use of a computer, and the number of images, necessitated a 9-level increase.[1] Additionally, Belcher's prior conviction for invasion of privacy placed him in Criminal History Category II. Based on these calculations, the advisory Guidelines range was 78 to 97 months imprisonment. Accordingly, the District

---

[1]The PSR did not recommend a downward adjustment for Acceptance of Responsibility based on numerous comments Belcher made that minimized his level of responsibility, including a statement that viewing child pornography should not be illegal. Although Belcher initially objected to this omission, he did not object at the sentencing hearing.

Court imposed a 78-month sentence. It also imposed a fine and special assessment totaling $600, and supervised release for a term of life.

Belcher filed a timely notice of appeal. Concluding that there were no nonfrivolous issues to appeal, Belcher's counsel filed a motion to withdraw and a supporting brief. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

In *Anders v. California*, the Supreme Court held that "if counsel finds his [client's appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. In doing so, counsel must submit a brief addressing any issue that "might arguably support the appeal." *Id.*; *see also* L.A.R. 109.2(a).[2] We must then determine whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. In making this determination, we evaluate: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

---

[2]Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), which shall be served upon the appellant and the United States."

## A.

Under the first prong of this inquiry, counsel must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Youla*, 241 F.3d at 300. In his brief, counsel addressed three possible issues: (1) whether the District Court had jurisdiction to take Belcher's guilty plea and impose sentence; (2) whether the guilty plea was valid; and (3) whether the District Court properly calculated the sentence and the sentence was reasonable. Counsel also provided an explanation as to why each of these issues are frivolous. Having reviewed counsel's brief and the accompanying materials, we conclude that he has satisfied this requirement.

## B.

After concluding that counsel has satisfied the first prong, we must then review the record and determine whether any nonfrivolous issues for appeal exist. "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (quoting *Anders*, 386 U.S. at 744). Although our review is independent, if the *Anders* brief appears to be adequate on its face, a "complete scouring of the record" is unnecessary. *Youla*, 241 F.3d at 301. Instead, we can allow the *Anders* brief to guide our review. *Id.* In the present case, counsel's *Anders* brief is adequate on its face, and thus, it will guide our review.

4

First, counsel raises the issue of the District Court's jurisdiction to conduct Belcher's plea colloquy and impose sentence. However, he established that this issue lacks merit because the District Court has jurisdiction "of all offenses against the laws of the United States" pursuant to 18 U.S.C. § 3231. Therefore, the District Court properly exercised jurisdiction over the plea and sentencing proceedings.

Second, counsel raises the issue of whether Belcher's guilty plea was valid. For a guilty plea to meet the constitutional requirements established in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the statutory requirements of Federal Rule of Criminal Procedure 11, we have stated that, during the plea colloquy:

> "The court must advise the defendant, inter alia, of the waiver of certain
> constitutional rights by virtue of a guilty plea, the nature of the charges to
> which he or she is pleading guilty, the maximum possible penalty to which
> he or she is exposed, the court's obligation to apply the Sentencing
> Guidelines [and] . . . discretion to depart from those guidelines under some
> circumstances, and the terms of any plea-agreement provision waiving the
> right to appeal or to collaterally attack the sentence. . . . The district court
> must ensure that the defendant receives these caveats, understands them,
> and still wishes of his or her own volition to plead guilty.

*United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006) (internal quotation marks and citations omitted). After reviewing the record of the plea colloquy, we conclude that the District Court thoroughly advised Belcher of all of the above issues, and Belcher indicated that he understood the consequences of his plea. Therefore, this issue lacks merit.

5

Finally, we agree with counsel that no nonfrivolous issues exist as to the District Court's sentencing of Belcher. The District Court properly calculated the Guidelines range of 78 to 97 months as required by *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Moreover, Belcher's sentence was not unreasonable under *United States v. Booker*, 543 U.S. 220 (2005), and its progeny because the District Court adequately considered the 18 U.S.C. § 3553(a) factors in determining Belcher's sentence. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Accordingly, our independent review of the record demonstrates that Belcher has no nonfrivolous issues for appeal.

### III.

For these reasons, we will grant defense counsel's *Anders* motion and affirm the sentence imposed by the District Court.[3]

---

[3]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Belcher's behalf. *See* L.A.R. 109.2(b).